IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEDRO RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION |
| CLEAR BLUE INSURANCE COMPANY | § | NO.:_____ |
| AND LANCE CLAY, | § | |
| Defendants. | § | |

## DEFENDANT CLEAR BLUE INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Clear Blue Insurance Company ("Clear Blue") files this its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and the amount in controversy, and respectfully shows the following:

### I.      PROCEDURAL BACKGROUND

1.      On May 28, 2019, Plaintiff Pedro Rodriguez ("Plaintiff") filed his Original Petition, Jury Demand, and Request for Disclosure in a case styled *Pedro Rodriguez v. Swyfft LLC and Lance Clay,* Cause No. 2019-62773 in the 281st Judicial District Court in and for Harris County, Texas.  Thereafter, on October 2, 2019, Plaintiff filed his Amended Petition and Request for Disclosure styled *Pedro Rodriguez v. Clear Blue Insurance Company and Lance Clay.*  The lawsuit arises out of a claim Plaintiff made for damages to his property under an insurance policy issued by Clear Blue.

2.      On October 2, 2019, Defendant Clear Blue elected the responsibility of its adjuster Lance Clay.  Later that afternoon,  Plaintiff filed his Amended Petition naming Clear

Blue as a party defendant for the first time. Defendant Clear Blue received a copy of Plaintiff's Amended Petition on or about October 3, 2019. Defendant Clear Blue has not yet been served but nonetheless has made an appearance.

3.      Defendant Clear Blue files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

4.      As required by 28 U.S.C. § 1446(a) and Rule 81 of the Local Rules for the United States District Court of the Southern District of Texas, attached hereto are copies of the following documents:

| | |
|---|---|
| **Exhibit A:** | **Index of Matters Being Filed** |
| **Exhibit B:** | **Docket Sheet** |
| **Exhibit C:** | **Plaintiff's Original Petition, Jury Demand and Request for Disclosure** |
| **Exhibit D:** | **Request for Issuance of Service on Lance Clay** |
| **Exhibit E:** | **Request for Issuance of Service on North American Insurance Company** |
| **Exhibit F:** | **Citation Served on Swyfft LLC** |
| **Exhibit G:** | **Citation Served on Lance Clay** |
| **Exhibit H:** | **Defendant Lance Clay's Original Answer and Verified Denials** |
| **Exhibit I:** | **Plaintiff's Amended Petition and Request for Disclosure** |
| **Exhibit J:** | **Request for Issuance of Service on Clear Blue Insurance Company** |
| **Exhibit K:** | **Request for Issuance of Service on Lance Clay** |
| **Exhibit L:** | **Letter from TDI to Chad T. Wilson dated 9/9/19** |

**Exhibit M:**          **Letter to Chad T. Wilson and Thomas J. Landry dated 10/2/19**

**Exhibit N:**          **List of Parties and Counsel**

5.       Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

## II.  BASES FOR REMOVAL

6.       Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.      Plaintiff and Defendant Clear Blue Are Diverse.**

7.       Plaintiff Pedro Rodriguez is an individual residing in Harris County, Texas.

8.       Defendant Clear Blue Insurance Company is incorporated under the laws of the state of Illinois with its principal place of business located in Chicago, Illinois.  Clear Blue is therefore not a citizen of the State of Texas for diversity purposes.

9.       Defendant Lance Clay ("Clay") is, upon information and belief, a resident and citizen of the State of Texas.  With respect to the claims against Clay, however, it is Clear Blue's position that he has been improperly joined in this action.  Therefore, the Texas citizenship of Defendant Clay should be disregarded for the purposes of evaluating diversity in this matter.

**B.      Defendant Lance Clay Has Been Improperly Joined in This Lawsuit.**

10.      The doctrine of fraudulent joinder ensures that the presence of an improperly joined non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d

694, 699 (5th Cir. 1999)).

11.     The Fifth Circuit explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  Under the latter, the test for improper joinder is whether the defendant has demonstrated that "[t]here is no reasonable basis for the district court to predict that the plaintiff might be able to *recover* against an in-state defendant." *Id.* at 573 (emphasis added).  The Fifth Circuit's en banc decision in *Smallwood* unequivocally adopted this phrasing as the test for improper joinder. *Id.* (stating, "[t]o reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the other appear to describe the same standard or not.")

12.     A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.*  "The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting *Smallwood*, 385 F.3d at 573).  A court may choose either analyses, but it must use only one of them. *Id.* at *7.

13.     When a court chooses to apply the 12(b)(6) analysis, it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.  However, in *International Energy Ventures Management, L.L.C. v. United Energy Group*, the Fifth Circuit recently opined that the particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C.*, at *7.  When conducting a Rule 12(b)(6)-type

analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a non-diverse defendant, the court must "apply the federal pleading standard embodied in that analysis." *Id.* at *8. The federal pleading standard requires a plaintiff's pleading to contain sufficient facts to state a claim for relief that is plausible on its face, providing more than a mere possibility of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

14.     Moreover, the pleading must provide more than labels and conclusions and do more than merely restate the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. And these factual allegations must rise above a speculative level. *Id.* "[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (citing *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4).

15.     Here, Plaintiff asserts generic claims against Defendant Clay for violations of the Texas Insurance Code and Deceptive Trade Practices Act, as well as fraud, negligence, and gross negligence. *See* Exhibit I. These conclusory allegations are simply a recitation of the statutory language from the Texas Insurance Code and the elements of the common law causes of action, and contain no reference to any material facts to which the law should apply. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of

recovery); *Broadway v. Brewer*, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]").

16.     Based upon the foregoing, it is clear that Defendant Clay was fraudulently joined in the lawsuit in an effort to defeat diversity jurisdiction.   This Court should disregard the citizenship of Clay, the non-diverse defendant, and find removal of this case is proper.

17.     Additionally, under Section 542A.006(c) of the Texas Insurance Code and based upon Clear Blue's Election, this Court "shall dismiss" this action against Defendant Clay with prejudice.  See Tex. Ins. Code Sec. 542.006.

**C.     The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

17.     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Clear Blue is liable under a residential insurance policy because Plaintiff made a claim under that policy and Clear Blue wrongfully adjusted Plaintiff's claim.  Plaintiff seeks actual damages, treble damages, statutory interest and penalties, court costs, and attorney's fees.  Plaintiff's Petition states that "Plaintiff is seeking only monetary relief of $100,000 or less".

18.     In addition to the amounts sought in this litigation by Plaintiff under his policy, Plaintiff alleges Defendants are liable under various statutory and common law causes of action for consequential damages, statutory penalties, treble damages, exemplary damages, court costs, and attorney's fees.   As such, Plaintiff's alleged damages greatly exceed the $75,000.00 jurisdictional requirement.

19.     Because it is clear from the face of the Petition that Plaintiff's alleged damages exceed $75,000.00, removal is proper.

### III.  CONCLUSION

20.     Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant Clear Blue Insurance Company removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
**Rhonda J. Thompson,** *Attorney-in-Charge*
State Bar No. 24029862
Southern District Bar No.:  17055
**Victoria L. Watson**
State Bar No. 24110514
Southern District Bar No.:  3421190

THOMPSON COE COUSINS & IRONS, LLP
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
E-Mail: rthompson@thompsoncoe.com
E-Mail: vwatson@thompsoncoe.com

**COUNSEL FOR DEFENDANT**
**CLEAR BLUE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of October, 2019, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Chad T. Wilson
Thomas J. Landry
CHAD T. WILSON LAW FIRM PLLC
455 East Medical Center Blvd., Suite 555
Webster, TX 77598
Telephone:     (832) 415-1432
Facsimile:      (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

/s/ Rhonda J. Thompson
Rhonda J. Thompson
Victoria L. Watson